Reed, J.,
delivered the opinion of the court.
The complaint was in the ordinary form. The answer was the code general issue, denying the allegations, except the admission that defendant was in the possessioxi of the property. There was no averment of property in a third party, nor justification under writs. It was said — argued by counsel— that the writs were void and that the attachments were dis *440 solved, which-was probably the case, or there would, have been an attempted justification. ■
The only defense sought to be established was the ownership of the property by Thurman. It is clearly shown by the evidence that Thurman never was the owner. The sale was conditioned upon the payments being made at a certain time. There was no delivery of the evidence of title. The bill of sale, notes, and pretended securities were deposited with a third person, and the sale was only to be perfected and consummated upon the contingency of the payment of the consideration, which never occurred, nor was any part of the purchase money paid. Before the maturity of the notes, Thurman abandoned all claim and left the country, and the papers remained with the depository. Graham remained the owner and in full possession.
It is a well settled rule of law, that to defeat a plaintiff in an action of replevin, the title in a third party, sought to be established, must be such a one as could have been successfully asserted by the owner, and a bare statement of the case shows the impossibility of Thurman establishing ownership, and the fallacy of the attempt of defendant to protect himself under it. Another well settled rule of the law of replevin is that the title and possession to be tried is that existing at the time of the alleged wrongful taking.
All the evidence introduced by the defendant to establish the title of Thurman was of acts and incidents and the statement of Graham, occurring while the trade was m limine, and while Graham expected it to be consummated. The statements of Graham that he had “sold out ” are very easily explained, while the acts of Thurman — his connection with the business and putting up a sign — were only indicia of ownership, that could be and were rebutted and fully explained.
The witnesses of the defendant, relating these occurrences, also establish the fact that Thurman left the country some two weeks before defendant interfered, and that at that time Graham was in sole possession as owner. All of defendant’s testimony was inadmissible. There was no trial of the title *441 or right to possession at the time of the bringing of the suit. Plaintiffs established their title. Defendant’s testimony was all directed to showing that at some former time Graham had said that he had sold out and was not the owner.
There was no competent evidence whatever to warrant the verdict. The court erred in admitting that of the defendant, and also in its instructions to the jury.
The judgment will he reversed and the cause remanded.

Reversed.